Maureen TRUDEAU

v.

George TRUDEAU.

No. 95–706–Appeal.

Supreme Court of Rhode Island.

May 1, 1997.

Thomas Goldberg, Robert Goldberg, Pawtucket.

Robert J. Connelly, III, Robert J. Connelly, Jr., Lincoln.

## ORDER

This matter came before a panel of this Court on April 15, 1997, pursuant to an order directing the parties to appear and show cause why the issues raised in the defendant's appeal should not be summarily decided. After considering the arguments of counsel and their legal memoranda, we conclude that cause has been shown and this case should not at this time be summarily decided.

It has been represented to this court that on July 22, 1988 a previous petition for divorce filed by Maureen Trudeau against the appellant, George Trudeau, had been dismissed for reason that both parties then resided in the Commonwealth of Massachusetts and Maureen, the petitioning party, had not been a "domiciled inhabitant" of Rhode Island for a period of one year next before the filing of her petition as required by R.I.G.L. § 15–5–12. Some three weeks thereafter, Maureen retained new counsel and, on August 15, 1988, filed a second petition for divorce against the appellant George. Service of that petition upon George, who in the interim had taken up residence in the state of Florida, was served by mail. He responded by filing a motion to dismiss alleging therein that neither he nor the petitioner were domiciled inhabitants of Rhode Island, and accordingly, the Family Court lacked subject matter jurisdiction on the pending petition.

Without reciting in detail or now passing upon the many and varied appearances, meetings, agreements, motions and hearings that followed before various of the Family Court justices, none ever conducted a hearing to decide the jurisdictional issue raised by the appellant's claim and contention that the Family Court lacked jurisdiction over Maureen's divorce petition and that jurisdiction could not be conferred by any verbal agreement presumably made by the parties that would conflict with the clear jurisdictional requirement expressed in § 15–5–12.

Accordingly, we remand this case to the Family Court for the express purpose of having that court conduct a hearing on, and ruling upon, the appellant's jurisdictional challenge. We shall retain jurisdiction, awaiting the Family Court's decision following the hearing mandated by this Order.

WEISBERGER, C.J., and FLANDERS, J., did not participate.